IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| IVY TESTING SERVICE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-00168-HSO-BWR |
| | ) | |
| S&S COMMERCIAL, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## FIRST AMENDED COMPLAINT

Ivy Testing Service, Inc. ("Ivy Testing") files its *First Amended Complaint* against S&S Commercial, Inc. ("S&S Commercial") and Debra J. Silliman ("Silliman") as follows:

### PARTIES

1. Plaintiff, Ivy Testing, is a Mississippi corporation, with its principal place of business in Morton, Mississippi.

2. Defendant, S&S Commercial, is a Louisiana corporation with its principal place of business in Slidell, Louisiana.

3. Defendant, Silliman, is an adult resident citizen of Slidell, Saint Tammany Parish, Louisiana, and resides at 108 Rue De La Paix, Slidell, LA 70461.

### JURISDICTION

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the amount in controversy is in excess of $75,000.00 and there is diversity of citizenship.

### VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as substantial acts

and omissions occurred which caused damages to the Plaintiff in Hancock County, Mississippi.

## FACTS

6. On or about June 23, 2023, Ivy Testing entered into two separate subcontracts with S&S Commercial for drilling and boring services on the NASA, Stennis Space Center, MS Potable Water System in Hancock County, Mississippi ("the Project"). Ultimately, only a single Subcontract was approved by Civil Works Contracting, LLC—the general contractor on the Project—Subcontract Agreement SS #356-003B ("the Subcontract") and no work ever began on the second subcontract. A true and correct copy of the Subcontract is attached hereto as Exhibit "A."

7. Ivy Testing timely completed approximately 40% of the boring lines identified in Appendix E to the Subcontract in a good and workmanlike manner and at the direction of S&S Commercial before S&S Commercial was terminated by Civil Works Contracting, LLC, and in turn, S&S Commercial terminated Ivy Testing.

8. During Ivy Testing's performance of its work on the Project, it performed additional work not contemplated at the time of contract formation due to unforeseen site conditions, direction by S&S Commercial, and experienced several delays which were not the fault of Ivy Testing that caused Ivy Testing to incur downtime charges.

9. Ivy Testing invoiced S&S Commercial per the parties' Subcontract, agreement, and at S&S Commercial's direction for a total amount of $522,806.24.[1] A true and correct copy of Ivy Testing's invoices submitted to S&S Commercial are attached as Exhibit "B." The remaining amount due to Ivy Testing is $348,915.04. A true and correct copy of Ivy Testing's unpaid invoices are attached as Exhibit "C."

---

[1] The total amount billed includes mobilization, boring costs per foot, boring profiles, and downtime.

10. Despite demand, S&S Commercial has failed and refused to pay Ivy Testing the Project balance due of $348,915.04.

11. Due to S&S Commercial's continued failure to pay Ivy Testing the Project balance, Silliman, S&S Commercial's President, acting in her personal capacity, promised to pay the debt owed to Ivy Testing. *See*, Silliman's March 15, 2023, E-mail to Ivy Testing attached as Exhibit "D," Silliman's April 4, 2023, E-mail to Ivy Testing's counsel attached as Exhibit "E," and Silliman's March 24, 2023, email to Ivy Testing attached as Exhibit "F."

12. Despite personally guaranteeing payment to Ivy Testing, Silliman has failed and refused to pay Ivy Testing.

## COUNT I
## BREACH OF CONTRACT

13. Ivy Testing incorporates herein by reference the preceding numbered paragraphs of its First Amended Complaint.

14. Ivy Testing performed its work in a good and workman like manner in accordance with the Subcontract, agreement, and at S&S Commercial's direction. The work done was reasonable and necessary.

15. S&S Commercial and Silliman accepted and used Ivy Testing's services knowing that compensation was expected.

16. S&S Commercial and Silliman have failed and refused to pay Ivy Testing the outstanding Project balance of $348,915.04 as per the parties' agreement. *See,* Exhibit "C."

17. S&S Commercial and Silliman's failure and refusal to pay Ivy Testing the outstanding Project balance of $348,915.04 is a breach of the parties' Subcontract.

18. Accordingly, as a direct and proximate result of S&S Commercial and Silliman's breach of contract, Ivy Testing has been damaged in the amount of the outstanding Project balance

of $348,915.04 plus interest thereon from the date due until paid at the maximum rate permitted by law and attorney's fees per the Subcontract.

## COUNT II
## QUANTUM MERUIT

19. Ivy Testing incorporates herein by reference the preceding numbered paragraphs of its Complaint.

20. In the alternative to Count One, since Ivy Testing provided, and S&S Commercial accepted, the above-mentioned valuable services from Ivy Testing, and since Ivy Testing incurred the reasonable and necessary costs to provide the requested services, at the direction of S&S Commercial and with the knowledge that this work was being performed and costs being incurred by Ivy Testing with the expectation that Ivy Testing would be paid for same, Ivy Testing is entitled to recover the reasonable value of its services in the total amount of $348,915.04 under the doctrine of quantum meruit.

WHEREFORE, Plaintiff, Ivy Testing Service, Inc., demands judgment from Defendants, S&S Commercial, Inc. and Debra J. Silliman as follows:

a. That Ivy Testing be granted a judgment against S&S Commercial, Inc. and/or Debra J. Silliman in at least the amount of $348,915.04, the exact amount to be shown at the trial of this cause, as a direct and proximate result of S&S Commercial and Silliman's breach of contract, plus prejudgment and post-judgment interest and costs of collection, including attorney's fees;

b. That, in the alternative, Ivy Testing be granted a judgment against S&S Commercial, Inc. and Debra J. Silliman in at least the amount of $348,915.04, the exact amount to be shown at the trial of this cause, for the reasonable value of services and materials

4

provided to S&S Commercial and Silliman under quantum meruit, plus prejudgment and post-judgment interest and costs of collection, including attorney's fees;

c. Reasonable attorney's fees, expenses, and all costs incurred herein in an amount to be shown at the trial of this cause; and

d. Ivy Testing prays for such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

THIS, the 12th day of October, 2023.

            Respectfully submitted,

            IVY TESTING SERVICE, INC.

            By its attorneys,

            MOCKBEE ELLIS, P.A.

       By: */s/ Nicholas J. Toca*
          David B. Ellis, MSB #102926
          Nicholas J. Toca, MSB #106530

MOCKBEE ELLIS, P.A.
125 S. Congress Street, Suite 1820
Jackson, Mississippi  39201
Telephone: (601) 353-0035
Facsimile: (601) 353-0045
Email:  dellis@mhdlaw.com
     ntoca@mhdlaw.com

## CERTIFICATE OF SERVICE

I, Nicholas J. Toca, do hereby certify that I have this day electronically filed the foregoing document with the Clerk of this Court using the ECF system, which sent notification of this filing to all counsel of record.

THIS, the 12th day of October, 2023.

*/s/ Nicholas J. Toca*
Nicholas J. Toca