IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**IVY TESTING SERVICE, INC.**                                                                 **PLAINTIFF**

v.                                           CIVIL ACTION NO. 1:23-CV-00168-HSO-BWR

**S & S COMMERCIAL, INC.**                                                              **DEFENDANT**

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

BEFORE THE COURT is Plaintiff Ivy Testing Service, Inc.'s (Plaintiff') Motion [57] to Enforce Settlement Agreement. Plaintiff requests entry of an order enforcing the parties' settlement agreement, directing S & S Commercial, Inc. (Defendant) to pay Plaintiff, and requests that the court award Plaintiff interest, attorneys' fees, and expenses in pursuit of this Motion [57]. *Id.* Defendant did not respond to the Motion [57] and the time for doing so has passed. Having considered the record and relevant law, the Court finds that Plaintiff's Motion [57] to Enforce Settlement Agreement should be granted in part and denied in part. The Motion [57] to Enforce the Settlement Agreement will be granted. The request for attorneys' fees will be denied without prejudice.

I.   BACKGROUND

The parties in this matter reached a settlement agreement on May 13, 2024, at a Settlement Conference. Pl.'s Mem. Supp. Mot. [58] at 1. In the terms of the settlement agreement, Defendant agreed to pay Plaintiff $100,000. *Id.* The first payment of $25,000 was due on or before July 12, 2024. *Id.* The second payment of $75,000 is due

1

to be paid on or before January 13, 2025. *Id.* This Court entered its Final Judgment of Dismissal [56] on May 14, 2024, and retained jurisdiction over this matter for 70 days to enforce the settlement agreement. Plaintiff has not received a payment from Defendant and has not been provided with an explanation as to the nonpayment. Pl.'s Mem. Supp. Mot. [58] at 1. The Motion [57] to Enforce Settlement Agreement was timely filed.

## II.   DISCUSSION

A. <u>Settlement enforcement</u>

"The Magistrate Judge, in accepting the oral terms of the settlement offered by the parties [and stating] that the [c]ourt [will] retain jurisdiction over th[e] matter to enforce those terms," provides the court with ancillary jurisdiction to resolve a motion to enforce settlement. *Advanced Tech. Bldg. Sols., LLC v. City of Jackson, Mississippi*, No. 3:12CV389-LG-JCG, 2015 WL 12911700, at *3 (S.D. Miss. Jan. 16, 2015). Therefore, this Court has ancillary jurisdiction to address the present Motion [57].

"A court may choose to exercise its retained enforcement powers based on its ancillary jurisdiction over the settlement agreement." *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 213 (5th Cir. 2023) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). Further, "a federal court exercising [its] ancillary jurisdiction . . . over an issue applies the law of the forum state." *Advanced Tech. Bldg. Sols., LLC*, 2015 WL 12911700, at *3 (citing *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).

2

The Mississippi Supreme Court has held that "the law favors the settlement of disputes by agreement of the parties and, ordinarily, will enforce the agreement which the parties have made, absent any fraud, mistake, or overreaching" because Mississippi prefers compromise through mediation or by other means. *Id.* (quoting *Chantey Music Pub., Inc. v. Malaco, Inc.*, 915 So. 2d 1052, 1055 (Miss. 2005)); *see Indem. Ins. Co. of N. Am. v. Guidant Mut. Ins. Co.*, 99 So. 3d 142, 151 (Miss. 2012) (holding that the [c]ourt acknowledges that Mississippi law and public policy favor settlement).

Here, after settlement conference negotiations, and acceptance of the settlement terms by the presiding Magistrate Judge, the parties' agreed that Plaintiff would settle its claim against Defendant and that this Court would retain jurisdiction for 70 days to enforce the settlement agreement. *See* Docket Min. Entry, 05/13/2024. Accordingly, the Court finds that Plaintiff's Motion [57] to Enforce Settlement Agreement should be granted in part. The Court orders Defendant to pay the delinquent amount in full by October 1, 2024, and to continue on the payment schedule for the remaining amounts due under the settlement.

B.  <u>Plaintiff's request for attorneys' fees and expenses</u>

If fee recovery is permitted in a case, the court must determine the reasonableness of the fees sought. *Plaza Home Mortg., Inc. v. Innovated Holdings, Inc.*, No. 2:21CV38-HSO-BWR, 2023 WL 3145317, at *10 (S.D. Miss. Apr. 3, 2023). The court utilizes a "a two-step process to determine a party's reasonable attorneys' fees" by calculating the lodestar and "considering the twelve factors set forth in *Johnson v. Ga. Highway*

3

*Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)." *Id.* The lodestar is "presumed reasonable" and calculated by "the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* (quoting *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022)).

When the fees a party seeks are not identifiable, the court is unable to compute the lodestar and consider the reasonableness of the fee request. *Id.* (holding that it was not clear "what amount of fees [plaintiff] [sought]" and because plaintiff did not "identif[y] how many hours its counsel necessarily expended in prosecuting this case or what a reasonable rate would be for each attorney," the [c]ourt could not "calculate the lodestar and determine the reasonableness of the request).

In this matter, Plaintiff did not provide the amount of interest and attorneys' fees it seeks, how many hours Plaintiff's counsel exhausted in pursuit of this Motion [57] and a reasonable rate for each attorney, or the reasonableness of the request. Plaintiff's Motion [57] to Enforce Settlement Agreement is denied without prejudice as to Plaintiff's request for interest and attorneys' fees.

### III.   CONCLUSION

Therefore, the Court orders Defendant to make payments consistent with the terms of the parties' settlement agreement. For past-due amounts that exist as of the entry of this Order, the Court orders Defendant to pay the delinquent amount in full by October 1, 2024, and to continue on the payment schedule for the remaining amounts due under the settlement. The Court denies, without prejudice, Plaintiff's

4

request for interest and attorneys' fees and expenses in pursuit of this Motion [57]. The Court continues to retain jurisdiction to enforce the settlement agreement until November 1, 2024.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion [57] to Enforce Settlement Agreement is **GRANTED** in part and **DENIED** in part.

The Motion to Enforce the Settlement Agreement is **GRANTED** and Defendant is ordered to pay any delinquent amount in full by October 1, 2024, and to continue on the payment schedule for the remaining amounts due under the settlement.

The Motion is **DENIED** without prejudice as to Plaintiff's request for interest and attorneys' fees.

The Court will retain jurisdiction to enforce the settlement agreement until November 1, 2024.

**SO ORDERED**, this the 13th day of September 2024.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE